UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cv-014

| | |
|---|---|
| REGINALD J. LOVE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 13) and Memorandum in Support of the Motion for Summary Judgment (Doc. No. 14), both filed June 22, 2011; Defendant's Motion for Summary Judgment (Doc. No. 16) and Memorandum in Support of the Motion for Summary Judgment (Doc. No. 17), both filed August 25, 2011; and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 18), filed September 6, 2011. The Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied, the Defendant's Motion for Summary Judgment be granted, and the Administrative Law Judge's ("ALJ") decision be affirmed. Plaintiff, through counsel, filed a timely Objection to the Magistrate Judge's M&R on September 19, 2011, and Defendant filed a reply to Plaintiff's Objections on September 20, 2011. These motions are considered herein.

I.  BACKGROUND

On October 28, 2008, Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income. He alleged that he became disabled as of May 14, 2008, but the Social Security Administration denied his claim both initially and upon

reconsideration. A hearing before an ALJ was then held on October 29, 2009. The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date and that Plaintiff suffered from adjustment disorder and chronic leg pain which were "severe impairments," but the impairments are not listed, and are not medically equivalent to those listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ further found that Plaintiff retained the Residual Functional Capacity ("RFC") to perform "light work,"[1] though limited by: a sit/stand option in which Plaintiff could alternate between sitting for one (1) hour and standing for thirty (30) minutes; walking only up to one hundred (100) feet; occasional pushing or pulling using the lower extremities; and simple routine repetitive tasks in a non-production and low-stress environment with limited interpersonal demands. The ALJ also determined that Plaintiff could not perform his past relevant work.

The burden then shifted to the Social Security Commissioner to prove other jobs existed in the national economy which Plaintiff could preform. The Vocational Expert (VE) identified three light jobs that Plaintiff could perform and testified that more than 4,300 of these jobs existed in North Carolina.

The ALJ found that the VE's testimony provided substantial evidence that there were a significant number of jobs in the national economy that Plaintiff could perform and that he was not disabled. Plaintiff then appealed to the Appeals Council, but his request was denied on November 10, 2010. After the denial from the Appeals Council, Plaintiff appealed to this Court and a Memorandum and Recommendation ("M&R") was issued by a magistrate judge on September 6, 2011. Plaintiff objected to the M&R, and the Court reviews Plaintiff's objections herein.

II.     STANDARD OF REVIEW

---

"Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

The Federal Magistrate Act provides that a district court shall make a *de novo* determination of the proposed findings or recommendations objected to in the Magistrate Judge's M&R. 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199-200 (4th Cir. 1983). However, the Court's review of the ALJ's decision is not *de novo*, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986), and instead is limited to the following two issues: whether substantial evidence supports the ALJ's decision and whether the ALJ applied the correct legal standards. See 42 U.S.C. § 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). If a reasonable person would accept as adequate the evidence in support of the ALJ's decision, the Court should not reweigh the evidence or substitute its judgment for that of the ALJ. Hays, 907 F.2d at 1456; Smith v. Heckler, 782 F.2d 1176 (4th Cir. 1986) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

III.  DISCUSSION

The facts as set forth in the M&R are adopted herein unless otherwise noted. Plaintiff offers several objections to the findings in the M&R, and those objections are reviewed *de novo* by the Court.

A.  THE ALJ'S DEVELOPMENT OF THE RECORD

Plaintiff contends that the ALJ did not fully develop the record because the ALJ interrupted Plaintiff's questioning of the Vocational Expert (VE), therefore suggesting the answer to the VE, rather than letting the VE respond. Plaintiff is correct that the ALJ has a duty to develop the record. See, e.g., Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) ("This circuit has held that the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record . . . ."); Walker v. Harris, 642 F.2d 712, 714 (4th Cir. 1981). However, the Court has reviewed the transcript and finds that the ALJ did a proper job of developing the record and interposing questions and comments during cross-examination. After concluding questioning, the

ALJ gave Plaintiff's attorney what appears to be unlimited time to ask as many questions as desired. The questioning of the VE was thorough and the section quoted in Plaintiff's Objections, when read in context, indicates that Plaintiff's attorney was allowed to ask his question and received an answer. Plaintiff's attorney was also free to ask follow-up questions, though counsel chose to move on to a different line of questioning (Doc. No. 9-4, p. 49-51). Therefore, the ALJ satisfied his duty to develop the record.

B.  TIME TO FILE A RESPONSE AND CONSIDERATION OF NEW EVIDENCE BY APPEALS COUNCIL

Plaintiff's second objection is bifocal. Plaintiff first contends that he was not given the proper time to file a response to Defendant's Motion for Summary Judgment. Then Plaintiff alleges that had the proper time been given, Plaintiff would have argued that the Appeals Council failed to comply with regulations requiring the council's consideration of new evidence.

Pursuant to LCvR 7.1(E), Plaintiff had fourteen (14) days to file his Response to Defendant's motion, and the M&R was issued two (2) days before that deadline. However, it is the practice of this court that Social Security cases are governed by the pretrial scheduling order, which in this case was issued on March 21, 2011 (Doc. No. 10). This order indicates that Plaintiff shall file a Motion for Summary Judgment and supporting memorandum within sixty (60) days, and Defendant Commissioner shall file his Memorandum of Law in Opposition no later than sixty (60) days from service of Plaintiff's motion. The order further states that a Motion for Summary Judgment "routinely will be decided on the pleadings submitted" (Doc. No. 10). Here, both the Plaintiff and Defendant filed cross motions for Summary Judgment. The scheduling order is silent on the filing of responses, and a review of other social security cases filed in this district indicate responses to submitted Motions for Summary Judgment are not typically filed due to the unique nature of the district court's

review. Furthermore, even if Plaintiff had been prejudiced in some manner, Plaintiff had an opportunity to correct any prejudicial effect in Plaintiff's objections to the M&R.

As to the substance of Plaintiff's second objection, Plaintiff contends that the Appeals Council failed to comply with 20 C.F.R. § 404.970(b) and 20 C.F.R. § 416.1470(b), and therefore violated 20 C.F.R. § 404.1512(b)(5) and 20 C.F.R. § 416.912(b)(5). However, the Appeals Council declined to hear Plaintiff's case. 20 C.F.R. § 404.970(a) and 20 C.F.R. § 416.1470(a) specify when the Appeals Council will review a case and then 20 C.F.R. § 404.970(b) and 20 C.F.R. § 416.1470(b) detail procedures for when new and material evidence is submitted to the Appeals Council. However, paragraph (b) is not operative until the Appeals Council agrees to hear the case for one of the reasons detailed, none of which apply here.[2]

As to 20 C.F.R. § 404.1512(b)(5) and 20 C.F.R. § 416.912(b)(5), these provisions specify what evidence Plaintiff may bring to the Appeals Council. It establishes no burden upon the Appeals Council to hear a case or to hear certain evidence. In the paragraph preceding those sections, the regulations state: "[Y]ou have to prove to us that you are blind or disabled. Therefore, *you* must bring to our attention everything that shows you are blind or disabled . . . This includes, but is not limited to . . . Decisions by any governmental or nongovernmental agency about whether you are disabled or blind . . . ." (emphasis added). 20 C.F.R. §§ 404.1512(a), 416.912(a). Therefore, these provisions do not apply when the Appeals Council declines to hear a Plaintiff's case.

Plaintiff also cites HALLEX I-3-5-20(A)(2) to support the argument that the Appeals Council must state the weight of new and material evidence. This provision applies to the review process and requires the Appeals Council to consider new evidence and state in the denial notice why the

---

[2] "The Appeals Council will review a case if– (1) There appears to be an abuse of discretion by the administrative law judge; (2) There is an error of law; (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or (4) There is a broad policy or procedural issue that may affect the general public interest." 20 C.F.R. §§ 404.970(a), 416.1470(a).

evidence does not justify granting the request for review. However, as stated in Defendant's Reply, this provision has been suspended since 2005. See, HALLEX I-3-5-90 Exhibit, 2001 WL 34096367 (July 20, 1995) ("Effective immediately, we are temporarily suspending the requirement for a detailed discussion of additional evidence for specific responses to contentions in denial notices."). Therefore, in denying Plaintiff's claim, the Appeals Council complied with the regulations cited by Plaintiff.

C. THE ALJ'S CONSIDERATION OF THE CREDIBILITY OF THE DEFENDANT

Plaintiff contends that the M&R incorrectly upheld the ALJ's statement that Plaintiff was not credible due to his lack of treatment and cites testimony from Plaintiff's mother that she tried to get him treatment (Doc. No. 9-4, p. 42). Plaintiff says this testimony was "ignored;" however, it is explicitly referenced in the M&R (M&R at 12) ("Plaintiff's mother testified that she would buy him medication."). In fact, both the ALJ (Doc. No. 9-4, p. 11) and the M&R (M&R at 14) find that Defendant is not credible only to the extent that Defendant's testimony was inconsistent with the finding of his Residual Functional Capacity. In making this determination, the M&R relies on far more than Defendant's lack of treatment, which the M&R states was "conservative and sporadic" (M&R at 14). The M&R also relies on the fact that the medical record does not support limitations as severe as the Plaintiff testified, a Doctor's examination did not reveal any clinical findings consistent with Plaintiff's claims, images of Plaintiff's lumbar spine revealed only scattered degenerative changes, and Plaintiff's reported activities, such as reading and walking, were inconsistent with his purported limitation. Far more was considered than solely the Plaintiff's lack of treatment, and the testimony of his mother was considered; therefore, the ALJ properly considered the credibility of the Defendant.

D. THE EVIDENCE TO SUPPORT THE ALJ'S DECISION

Lastly, Plaintiff contends that the M&R incorrectly holds the decision of the ALJ is supported

by substantial evidence and violates the principles for disability determinations and decisions set out in SSR 86-8. The court has reviewed the decision by the ALJ and the administrative record and concludes that the ALJ followed the proper procedures in determining whether disability existed. Furthermore, the court concludes there is substantial evidence that Plaintiff is not disabled as defined by sections 216(i) and 223(d) of the Social Security Act.

Based upon the foregoing, and finding no error, the court hereby accepts the recommendation of the magistrate judge and adopts it as the final decision of this court. It is, therefore, ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED, Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED, and the final decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Signed: October 14, 2011

Graham C. Mullen
United States District Judge